Lambert **HERICKS**, Petitioner,

v.

Honorable Timothy S. **HOGAN**, and
Penn Central Transportation
Co., Respondents.

No. 73–1297.

United States Court of Appeals,
Sixth Circuit.

Aug. 28, 1974.

Walter C. Beall, Beall, Hermanies & Bortz, Cincinnati, Ohio, on brief for Lambert Hericks.

Gerald J. Rapien, Taft, Stettinius & Hollister, Cincinnati, Ohio, on brief for Penn Central Transportation Co.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

PER CURIAM.

Petitioner was injured after being pinned between a tank car and a repair truck while working for Respondent Penn Central Railroad (hereinafter "Respondent"). He sued Respondent under the Federal Employers' Liability Act (hereinafter FELA), 45 U.S.C. § 51 et seq., seeking compensation for personal injuries and expenses caused by the railroad's alleged negligence.

During pretrial proceedings, Petitioner discovered that Respondent had scheduled private interviews with the railroad-designated physicians who had treated him. Petitioner objected to the private nature of the proposed interviews. His manner of objection was, according to the District Court, to threaten a suit in an Ohio state court to enjoin the doctors from talking with Respondent's attorneys, based on the argument that such discussions would violate the physician-patient privilege which Petitioner asserts under Ohio law. The District Court also intimated that Petitioner had threatened the physicians with a malpractice action if they talked with Respondent's lawyers. The physicians are apparently unwilling to talk privately with Respondent's attorneys under the cloud of Petitioner's threat.

■ In order to assure the physicians that Petitioner's threat was based on an unfounded assumption (that the physician-patient privilege existed in this case), Respondent requested the District Court to order Petitioner to sign waivers of the privilege, "so as to permit counsel for defendant to interview, privately, plaintiff's treating physicians," in the words of the District Court. The District Court granted the motion. It ordered Petitioner to present a complete list of names and addresses of "every doctor whom he has consulted at any time in relation to anything." Petitioner's counsel was then to "determine what consultations or treatments have any . . . relevance to this case." Next, Petitioner was to file a list of doctors with relevant knowledge. Along with this list, Petitioner was told to file "a waiver or consent in respect of each doctor . . . clearly consenting to the doctor involved talking to defense counsel and disclosing anything involved in his professional relationship with the plaintiff if the doctor so wishes." The Court emphasized that the choice of whether to talk with Respondent's attorneys was that of the doctors, not that of Petitioner. The District Court further stated that a civil contempt order would issue if Petitioner failed to do these things. In the alternative, the District Court offered to dismiss the action without prejudice if Petitioner agreed to take his case to a state court, where the District Court advised Petitioner he would "be governed . . . probably by Ohio law."

On March 23, 1973, a document in the form of an order was initialed by the district judge with his longhand inscription, "Will enter unless prohibited." On the face of this document, over the district judge's signature appears his longhand notation: "*To the Clerk*—File & enter on docket as a *Proposed* Order (not an Order)." A copy of that document is affixed to the petition presently before us, and the fact that it is entirely unconformed has occasioned difficulty in our consideration. It seems apparent from the extensive attention which has been directed to the issue attempted to be presented to this Court, both in the District Court and here, that the present proceeding is one agreed upon below, tacitly if not expressly, as designed to elicit an advisory opinion. We decline the invitation to resolve an issue not properly before us. See, Wright, Law of Federal Courts, § 102; Labuy v. Howes Leather Company, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed. 2d 290 (1957); Will v. United States,

389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

We express no opinion concerning the *"Proposed* Order" other than to determine that its existence, and notation thereof on the docket of the District Court, does not clothe this Court with jurisdiction to entertain an interlocutory appeal not certified to us pursuant to 28 U.S.C. § 1292(b) or otherwise, and the Petition For Writ of Prohibition is denied.